UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RIDGEVIEW IP, LLC, | ) |
| | ) |
| Plaintiff, | )   CASE NO. 3:22-cv-2354-S |
| | ) |
| v. | ) |
| | ) |
| ANTHOLOGY INC., | ) |
| | ) |
| Defendant. | ) |

## ANTHOLOGY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR IMPROPER VENUE

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant Anthology Inc. ("Anthology") respectfully moves to dismiss the First Amended Complaint (Doc. 10) for improper venue.

The Northern District of Texas is not a proper venue for this patent infringement action. Under 28 U.S.C. § 1400, venue is only proper in a district where a defendant resides or has a regular and established place of business. Anthology does not reside in the Northern District of Texas, nor does it have a place of business here.

### BRIEF IN SUPPORT OF MOTION

**I.  VENUE-RELATED FACTS**

Anthology is incorporated under the laws of Florida. Doc. 10 ¶ 2. Anthology's headquarters is in Boca Raton, Florida. App'x 1 ¶ 3. Anthology has U.S. offices in South Carolina, Missouri, Virginia, and New York. *Id.* Anthology has no office in Texas. App'x 1 ¶ 4. Nor does Anthology have any other kind of brick-and-mortar location in Texas. Accordingly, Anthology

does not list any Texas location on its website or other directory.  *Id.*; *see also* http://www.anthology.com/contact-us.

Anthology has employees who reside in Texas, but Anthology does not own or lease the homes, or any portions of the homes, of any employees residing in Texas.  App'x 1 ¶ 5.  Anthology does not select its employees' homes, or the homes' location.  Anthology does not list its remote employees' addresses on its website or in any external directory.  Anthology does not market its employees' homes as company locations.  *Id.* ¶¶ 6-8.  Anthology does not retain remote employees in the Northern District of Texas specifically for the purpose of servicing customers in the Northern District of Texas.  Anthology does not dictate where its employees live. Anthology does not require employee residing in the Northern District of Texas to seek approval from Anthology to move their residences, including to move to a different judicial district.  *Id.* ¶ 9-10.

Anthology does not have employees residing in the Northern District of Texas who use their homes like distribution centers.  Anthology does not direct, control, or expect any of its employees to meet with channel partners in their homes to store inventory.  In fact, as a result of the software-based nature of Anthology's business, Anthology does not have "inventory." Anthology's employees do not store in their homes or otherwise possess the software products that Anthology sells.  Anthology does not physically distribute products, and its employees do not possess Anthology software.  *Id.* ¶ 11.

Anthology does not need employees in the Northern District of Texas in order for its products to comply with the Texas Risk and Authorization Management Program (TX-RAMP).  *Id.* ¶ 12.

On its website, Anthology has posted a job posting for a project manager who would be partly located in Fort Worth.  The position has not been filled.  If it is filled, the project manager

would be located on site at a client location and would assist the client in its operation of Anthology's software services. The project manager would not be located at a physical space owned or rented, in whole or in part, by Anthology. Residence in the Northern District of Texas is not a requirement for the position. *Id.* ¶ 11.

## II. LEGAL STANDARD

This Court recently set forth the standard for venue analysis in a patent case. *See Zilkr Cloud Techs. LLC v. RingCentral, Inc.*, No. 3:21-cv-2807-S, 2022 WL 1102863, at *2 (N.D. Tex. Apr. 12, 2022).

A party may move to dismiss a claim for improper venue under Federal Rule of Civil Procedure 12(b)(3). If a defendant challenges venue in a patent infringement action, the plaintiff bears the burden of establishing that the forum is a proper patent venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018). "Where the defendant submits affidavits or evidence controverting specific facts alleged in the complaint, the Court is no longer required to accept those controverted facts as true."

Whether venue is proper in this case is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Under § 1400(b), a patent infringement case may only be brought in the judicial district where (1) the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1519. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular

3

and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). If any statutory requirement is not satisfied, venue is improper. *Id.*

### III.    VENUE IS IMPROPER IN THIS DISTRICT

"Section 1400(b), like its predecessor statutes, is intended to be restrictive of venue in patent cases compared with the broad general venue provision." *In re ZTE*, 890 F.3d at 1014. "In applying § 1400(b), it is important 'not to conflate showings that may be sufficient for other purposes, e.g., personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases.'" *Id.* (quoting *In re Cray*, 871 F.3d at 1361). Because Anthology is a Florida corporation, it is beyond dispute that the first prong of 28 U.S.C. § 1400(b) cannot be satisfied. *Zilkr*, 2022 WL 1102863, at *2. Accordingly, venue in this case hinges on the second prong: whether Anthology "has a regular and established place of business" in this District. It does not.

Anthology has no office or other brick-and-mortar location in the Northern District of Texas. App'x 1 ¶ 4. Anthology has remote employees in this District, but the Federal Circuit held in *Cray*: "For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place or intend to conduct his or her business from that place for present and future employers. 'The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant.'" 871 F.3d 1355 (quoting Am. Cyanamid, 388 F.2d at 820 (citations omitted)). Even if it were established that Anthology's remote employees "have home offices in the District, Plaintiff has not shown that these home offices are 'regular and established place[s] of business' or, critically, "place[s] *of the defendant*" as required under the

second and third *Cray* factors." *Zilkr*, 2022 WL 1102863, at *3 (quoting *In re Cray*, 871 F.3d at 1363) (emphasis added).

As this Court explained in *Zilkr*, the Federal Circuit has held that to satisfy the third factor, the "place" cannot be solely a place of the defendant's employee. *In re Cray*, 871 F.3d at 1365 ("The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant.") (citations omitted). Rather, the defendant itself "must establish or ratify the place of business." *Id.* at 1363, *quoted in Zilkr*, 2022 WL 1102863, at *3. There is no basis to suggest that Anthology has ratified the home of any of its employees as an Anthology place of business.

In this regard, *Cray* provides several non-exhaustive factors to consider, including (1) whether the defendant owns, leases, or rents any portion of its employees' homes; (2) whether employment is conditioned on "an employee's continued residence in the district" or "the storing of materials at a place in the district"; (3) "a defendant's representations" about that place, including "whether the defendant lists the alleged place of business on a website"; and (4) "the nature and activity of the alleged place of business of the defendant in the district in comparison with that of other places of business of the defendant in other venues." *See id.* at 1362-63. "Another consideration might be whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place." *Id.* at 1363.

Here, Anthology does not own, lease, or rent any portion of the employees' homes and did not play a role in selecting the location, and did not condition employment on its employees living in a particular location. Nor does Anthology list any employee addresses on its website or office

directory, or otherwise market any employee's home as its own location. Further, Anthology does not direct, control, or expect any of its employees to store inventory or meet with channel partners in their homes. Anthology's activity in the Northern District of Texas contrasts with its places of business in other venues—for example, the Southern District of Florida, the Western District of Missouri, the Northern District of New York, and the Eastern District of Virginia, where Anthology has physical offices. Anthology does not condition continued employment on an employee continuing to live in a particular judicial district.

In the Complaint, Ridgeview points to a single job posting on Anthology's website for a project manager position with a "Dallas" location. *See Complaint* ¶ 6. (Ridgeview's screenshot was already outdated when the First Amended Complaint was filed; the position is in Fort Worth.) As of the filing of the Complaint, the position was unfilled. *See Galderma*, 290 F. Supp. 3d at 612 ("The Court determines proper venue from the facts as they existed at time the Plaintiffs' Original Complaint was filed."). Plainly, an unfilled position cannot constitute a regular and established place of business under the patent venue statute. If the position were filled, the project manager would not work at an Anthology place of business but rather at a customer site. Anthology will not own or lease the site, will not list it as an Anthology location, and will not adorn the site with Anthology signage. *See In re Cray*, 871 F.3d at 1363-64. The presence of an Anthology employee at a client site under those circumstances does not satisfy the venue statute. *See CUPP Cybersecurity LLC v. Symantec Corp.*, No. 3:18-cv-01554-M, 2019 WL 1070869, at *4 (N.D. Tex. Jan. 16, 2019) "[It] is not enough to show that 'there exists within the district a physical location where an employee of the defendant carries on certain work for his employer.'" (quoting *In re Cray*, 871 F.3d at 1366).

## V. CONCLUSION

Ridgeview cannot meet its burden of satisfying the patent venue statute, because Anthology lacks a regular and established place of business in the Northern District of Texas. Accordingly, this Court should dismiss the First Amended Complaint.

                Respectfully submitted,

                /s/ *Michael S. Nadel*

                Richard D. Salgado (Texas Bar No. 24060548)
                MCDERMOTT WILL & EMERY LLP
                2501 North Harwood Street, Suite 1900
                Dallas, Texas 75201
                (214) 295-8000

                Michael S. Nadel
                MCDERMOTT WILL & EMERY LLP
                500 North Capitol Street, N.W.
                Washington, D.C. 20001
                (202) 756-8000

                *Attorneys for Defendant Anthology, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2022, I caused the foregoing to be served via the CM/ECF system on the following counsel:

M. Scott Fuller, Esq.
Christopher Honea, Esq.
Garteiser Honea, PLLC
119 W. Ferguson Street
Tyler, Texas 75702

/s/ *Michael S. Nadel*
Michael S. Nadel